# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN HARRIS,<br><br>               Plaintiff,<br><br>   v.<br><br>SHERMAN,<br><br>             Defendant. | Case No.  1:19-cv-01207-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDERS, AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 8, 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.    Background

Plaintiff Calvin Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 23, 2020, the Court issued a screening order granting Plaintiff leave to file an amended complaint or a notice of voluntary dismissal within thirty (30) days.  (ECF No. 8.)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim.  (Id. at 8.)  Following the expiration of that

1

deadline, on March 9, 2020, the Court issued an order for Plaintiff, within fourteen (14) days, to show cause in writing why the instant action should not be dismissed for Plaintiff's failure to comply with the Court's screening order, failure to prosecute, and failure to state a claim for relief. (ECF No. 10.) The Court again expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation to a District Judge that the instant action be dismissed, with prejudice, for failure to prosecute, failure to obey a court order, and failure to state a cognizable claim for relief. (Id. at 2.) The deadline has expired, and Plaintiff has failed to file an amended complaint or otherwise communicate with the Court.

## II.    Failure to State a Claim

### A.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

1 | plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

2 | **B.      Plaintiff's Allegations**

3 | Plaintiff is currently housed at California Substance Abuse Treatment Facility and State

4 | Prison, Corcoran ("CSATF"), where the events at issue in Plaintiff's complaint took place.

5 | Plaintiff names CSATF Warden Stuart Sherman as the sole Defendant.

6 | Plaintiff alleges as follows: On January 19, 2019, Facility F conducted a property and

7 | appliance check of the entire facility. Male correctional officers conducted the searches. During

8 | the search process, inmates were required to step into the dayroom, completely disrobe, move

9 | their genitals around, and squat and cough. The unclothed body searches were not conducted in a

10 | secluded area or in an area out of the view of others. Instead, the unclothed body searches were

11 | conducted in plain view of everyone present, including other inmates and staff. While Plaintiff

12 | was being searched, two female correctional officers were positioned in the dayroom and had a

13 | direct review of the search area. The female correctional officers did not casually observe

14 | Plaintiff's unclothed body search, nor was the observation of the two female correctional officers

15 | at a distance. Instead, Plaintiff stood there, naked during the search, making direct eye contact

16 | with the female correctional officers. One of the female correctional officers made a smirk and

17 | kept turning her head with her hand over her mouth, smiling.

18 | Plaintiff asserts that the unclothed body search of his genital area performed by a

19 | correctional officer violated his Fourth Amendment right to be free from unreasonable searches.

20 | Plaintiff states that the unclothed body search was unreasonable because there was no emergency

21 | and the unclothed body search was performed in front of two female correctional officers and

22 | numerous onlookers. Plaintiff further states that the scope and manner of the unclothed body

23 | search were not appropriate because Facility F was only undergoing a property and appliance

24 | check.

25 | Plaintiff states that, on January 19, 2019, the date of the unclothed body search, prison

26 | officials violated California Department of Corrections and Rehabilitation policy that required

27 | searches to be conducted in a manner that avoids embarrassing the inmate or making the inmate

28 | feel undignified and to be conducted outside of the view of others whenever possible. On January

25, 2019, Defendant Sherman was made aware of the problem, yet failed to take any corrective measures. On March 22, 2019, Defendant Sherman admitted training issues were discovered.

As Warden of CSATF, Defendant Sherman is constitutionally and statutorily responsible for the operation, maintenance, practices, and totality of conditions at CSATF. Defendant Sherman is also statutorily responsible for insuring that CSATF conforms to the requirements of the laws and constitution of the United States. Plaintiff further states that Defendant Sherman was responsible for reviewing Plaintiff's appeal regarding the searches at the second level of review. Defendant Sherman is being sued in his individual capacity.

Plaintiff alleges that, as a result of Defendant's violation of Plaintiff's Fourth Amendment right to be free from unreasonable searches, Plaintiff is suffering and will continue to suffer embarrassment, shame, humiliation, extreme anxiety, emotional distress, mental distress, and other injuries from the fact that the two female correctional officers smirked and laughed at Plaintiff during Plaintiff's unclothed body search.

Plaintiff seeks declaratory relief, compensatory damages, punitive damages, costs of suit, and a jury trial.

## C. Discussion

### 1. Federal Rule of Civil Procedure 8

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969. Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted).

In this case, while Plaintiff's complaint is short, it is not a plain statement of his claims. Many of Plaintiff's allegations are vague and conclusory statements unsupported by any facts. As currently pled, Plaintiff's complaint does not contain enough factual content to permit the Court to draw the reasonable inference that Defendant Sherman is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Therefore, Plaintiff's complaint does not comply with the requirements of Rule 8(a)(2). The Court will grant Plaintiff leave to file an amended complaint.

### 2. Supervisor Liability

To the extent that Plaintiff seeks to hold Defendant Sherman liable based solely upon his supervisory role as Warden, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has not alleged any facts that Defendant Sherman instituted a policy so deficient that the policy itself was a repudiation of his constitutional rights. Indeed, Plaintiff alleges that the search was conducted in violation of the policy, not according to any policy that Defendant Sherman implemented.

Here, Plaintiff alleges that, on January 19, 2019, CSATF Facility F conducted a property

and appliance check of the facility that included an unreasonable unclothed body search of Plaintiff. Plaintiff further alleges that, when Defendant Sherman was "made aware of the problem[]" on January 25, 2019, Defendant Sherman failed to take any corrective measures. Plaintiff states that, on March 22, 2019, Defendant Sherman admitted that training issues were discovered.

"A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates[.]" Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011). However, a failure to train theory can be the basis for a supervisor's liability in only limited circumstances, such as where the failure amounts to deliberate indifference to the rights of persons with whom the subordinates are likely to come into contact. See Canell v. Lightner, 143 F.3d 1210, 1213-14 (9th Cir. 1998). To impose liability under a failure to train theory, a plaintiff must demonstrate the subordinate's training was inadequate, the inadequate training was a deliberate choice on the part of the supervisor, and the inadequate training caused a constitutional violation. Id. at 1214; see also City of Canton, Ohio v. Harris, 489 U.S. 378, 391 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011) (citation omitted).

In this case, Plaintiff has not identified the specific omission in CSATF's training program that caused one or more of Defendant Sherman's subordinates to violate Plaintiff's constitutional rights or pled facts showing how the omission in CSATF's training program caused Plaintiff's alleged constitutional violation. Further, Plaintiff has not pled any facts demonstrating that, since the need for any, more, or different training was so obvious and the inadequacy of the training provided was so likely to result in constitutional violations, Defendant Sherman's failure to provide any, more, or different training was a deliberately indifferent choice on the part of Defendant Sherman. Specifically, while Plaintiff has alleged that Defendant Sherman admitted that training issues were discovered, Plaintiff has not stated any facts demonstrating that Defendant Sherman was aware of a pattern of constitutional violations similar to the alleged

constitutional violation that Plaintiff suffered. Finally, Plaintiff has not asserted any facts showing that Defendant Sherman's failure to train his subordinates caused the alleged deprivation of Plaintiff's constitutional rights. Therefore, Plaintiff has failed to allege a cognizable supervisory liability claim against Defendant Sherman.

### 3. Appeal/Grievance Procedure

In his complaint, Plaintiff alleges that Defendant Sherman was responsible for reviewing Plaintiff's appeal regarding the unclothed body search at the second level of review. The Court is unclear if Plaintiff is attempting to raise a claim against Defendant Sherman based upon Defendant Sherman's second level review of Plaintiff's administrative appeal. However, if Plaintiff is attempting to a raise a claim against Defendant Sherman based upon Defendant Sherman's review of Plaintiff's administrative appeal, Plaintiff cannot do so.

Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Denial or refusal to process a prison grievance is not a constitutional violation. Rushdan v. Gear, No. 1:16- cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018). Therefore, Plaintiff has failed to state a cognizable claim against Defendant Sherman arising out of Defendant Sherman's second level review of Plaintiff's administrative appeal.

### 4. Declaratory Relief

Plaintiff's complaint seeks a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and

settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

**III.    Failure to Prosecute and Failure to Obey a Court Order**

### A.    Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.    Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

8

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air W.</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here.  <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132–33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's January 23, 2020 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim.  (ECF No. 8, p. 8.)  The Court's March 9, 2020 order to show cause contained a similar warning.  (ECF No. 10, p. 2.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.    Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey Court orders, and for Plaintiff's failure to prosecute this action.

1    These Findings and Recommendation will be submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

3    **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

4    objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

5    Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

6    specified time may result in the waiver of the "right to challenge the magistrate's factual

7    findings" on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v.</u>

8    <u>Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

9
10   IT IS SO ORDERED.

11      Dated:   __**April 2, 2020**__                    ____/s/ *Barbara A. McAuliffe*____

12                                                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28